I respectfully dissent.
Appellant and his partners had failed to make the required payment on the original note for the months of April through July 1997. Appellant Lamkin entered into an agreement with First Community Bank that he would make current all outstanding payments to the bank and continue to make such monthly payments. The funds paid by Lamkin would be paid to the bank as additional cash collateral. This cash collateral was in essence the same thing as a payment as the bank had the unilateral right to access the account to pay any outstanding obligations on the note at the time of closing. The bank charged Lamkin a total of $8,500 a month, which apparently included a late fee with each payment. It appears that Lamkin had in essence brought the loan current and continued to make monthly payments through January 1, 1998.
The bank's forbearance agreement with Lamkin in essence put the bank in the same position as it would have been in had the payments been paid directly on the note, since the funds were unilaterally available to the bank at closing. In January, Lamkin learned for the first time that even though his personal payments had protected the bank's interest, the bank intended to charge Lamkin an extra 9.5 percent interest rate on the full balance pursuant to language in the original note. Lamkin, upon learning this for the first time, stopped making monthly payments. The bank continued to hold Lamkin's account as cash collateral. The building was sold a few months later and the note was paid in full. The bank, however, insisted upon payment of the eighteen percent default interest charge. Lamkin, under protest, paid this in order to close the loan.
It was of interest that when Lamkin made his first payment, the bank did not charge an interest surcharge but merely a five percent penalty, which totaled approximately $400. From that date forward, the bank only charged the five percent monthly payment late fee. There was no attempt by the bank at that time to collect the extra 9.5 percent surcharge.
The original note upon which the bank relies states that "after an event of default the undersigned agrees to pay to holder a fixed charge of eighteen percent until the loan and escrows are brought current." In the forbearance agreement executed between Lamkin and the bank, the bank agreed to forebear from obtaining and executing on a judgment against Lamkin. The bank in this agreement indicated that Lamkin was only in default for the months of April, May, June, and July 1997. The agreement does not state that Lamkin would be in future default if he continued to make payments. The original note only states that payments would be made at the bank's address and made according to a set schedule. Since the bank had the unilateral right to seize Lamkin's bank account, these payments constitute technical compliance with the underlying note. Therefore, Lamkin was not in default during the months of August, September, October, November, and December 1997. He was in default during the months of April through July, however, the bank lost its right to seek the additional 9.5 percent surcharge by accepting $34,010.92 from Lamkin. Beginning January 1998, Lamkin failed to continue to make payments. Therefore, beginning in January 1998, Lamkin would be in default in breach of the forbearance agreement. Accordingly, it would appear that Lamkin would owe the additional 9.5 percent interest penalty from January 1, 1998 to the date of closing. I would find that summary judgment was improper.